JOSEPH LIPKIN *vs.* I. NATHANS.

Suffolk.    March 9, 1925. — May 20, 1925.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Practice, Civil,* Finding by judge.

A finding of fact by a judge of a municipal court, warranted by evidence before him, cannot be reversed by this court upon an appeal from an order of the Appellate Division dismissing a report by the trial judge.

CONTRACT, with a declaration in three counts, the first count for $116, money had and received by the defendant to the use of the plaintiff, the second count as amended upon an account annexed for "moving articles of furniture" belonging to the defendant, and the third count containing allegations in substance that the plaintiff had purchased certain furniture from the defendant, and paid $116 therefor, that the defendant had sent to the plaintiff other furniture than that purchased and had refused to receive it back and to refund to the plaintiff what he had paid for the furniture. Writ in the Municipal Court of the City of Boston dated July 14, 1923.

At the trial in the Municipal Court, there was evidence supporting the allegations of the third count. The defend-

ant asked for rulings that the plaintiff could not recover on any of the counts and for the following:

"6. The evidence clearly indicates that the merchandise sold or rather hired was pursuant to the terms of written lease dated May 15, 1923; that said merchandise, consisting of furniture and carpets, was delivered to and accepted by the defendant [*sic*] pursuant thereto; that plaintiff kept same for a considerable period, which period was unreasonably long, and as a matter of law, the finding must be that there was waiver on part of the plaintiff at the time of the bringing of this action with regards to the claim herein set forth.

"7. The action being based upon a sale conditional or a lease, the plaintiff cannot come into court as against the defendant in [*sic*] claim relief on the theory that he who seeks equity must do equity, the plaintiff, by his own conduct, having waived all his rights as a matter of law to complain at this time.

"8. The plaintiff cannot recover on any of the counts contained in this declaration on the theory of estoppel.

"9. Where the purchaser accepts merchandise after inspection of same and retains same for an unreasonable length of time, he is bound by his inspection and he is estopped from making any claim therefor on the theory of estoppel and *caveat emptor*, i.e. let the buyer beware."

The judge found "that the defendant did not deliver said furniture selected by the plaintiff but attempted to deliver a different set which set the plaintiff refused to accept. I find further that the plaintiff returned said set to the defendant, and the defendant refused to accept it." The judge refused requests numbered six, seven and ten as being "contrary to facts found," and refused request numbered nine because it was immaterial in view of the facts found. At the defendant's request, the judge reported the action to the Appellate Division, who ordered the report dismissed. The defendant appealed.

The case was submitted on briefs.

*B. Ginsburg*, for the defendant.

*W. L. Berger & B. Spinoza*, for the plaintiff.

WAIT, J. This court cannot review the findings of fact.

There was evidence which, if believed, fully supports them. The refusals to find and rule in accordance with the defendant's requests were proper. There is nothing in the case which calls for discussion.

*Order dismissing report affirmed.*